UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CLARENCE SAMUELS** | **CIVIL ACTION NO. 04-1664-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WILLIAM HOLLENSHEAD, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Clarence Samuels ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 5, 2004. Plaintiff is incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana, and he alleges his civil rights were violated by prison officials. He names William Hollenshead, Sarah Bilberry, the American Correctional Association, John Robinson, Richard Stalder and Angie Huff as defendants.

Plaintiff claims the law library at DWCC is unsafe because a correctional officer is not present when inmates are in the law library. He also claims sexual predators are assigned to work as law clerks. Plaintiff claims prison officials retaliated against him because he

---

[1]This decision is not intended for commercial print or electronic publication.

complained about the unsafe conditions in the law library. He claims the American Correctional Association ratifies these unsafe conditions.

Plaintiff claims that on April 15, 2004, he sent a letter to Sarah Bilberry informing her that he had been sexually harassed and assaulted by inmate Lonnie Cooley in the law library. He claims that on April 17, 2004, he sent a letter to William Hollenshead informing him about the same incident.

Plaintiff claims that on April 20, 2004, he filed ARP # 04-476 regarding the sexual harassment and assault. He claims that after he filed this ARP, Earl Benson placed him in administrative segregation absent a concrete rule violation. He claims that while he was in administrative segregation, William Hollenshead searched his property to see if he was performing legal work for other inmates.

Plaintiff claims that on April 22, 2004, he sent a letter to Warden Venetia Michael informing her that it was unfair he was punished when he was the victim of the sexual assault and the perpetrator was allowed to remain in the general population.

Plaintiff claims that on April 23, 204, William Hollenshead wrote him up for the content of ARP # 04-476. He claims that on April 26, 2004, John Robinson sanctioned him to 30 days forfeiture of good time and the working cell block. He claims he was punished without due process.

Plaintiff claims Defendants conspired to cover-up the sexual assault. He claims Defendants failed to act once they were aware he had been sexually harassed and assaulted by inmate Cooley.

Accordingly, Plaintiff seeks injunctive and monetary relief.

For the following reasons, Plaintiff's complaint should be dismissed as frivolous until the Heck conditions have been met.

## LAW AND ANALYSIS

Plaintiff is seeking monetary and injunctive relief from Defendants for an alleged unconstitutional prison disciplinary conviction. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the section 1983 suit until the plaintiff could demonstrate that his conviction or sentence had been invalidated. In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the Supreme Court approved the application of the Heck doctrine to prison disciplinary proceedings.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary and injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his disciplinary conviction or sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his disciplinary conviction or sentence has been invalidated or that the prosecution has been terminated in his favor.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of February 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE